```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

CAPITALONE, N. A.              *         CIVIL ACTION

VERSUS                         *         NO: 06-4135

PNC BANK, N.A.                 *         SECTION: "D"(5)
```

### ORDER AND REASONS

Before the court is the **"Motion for Summary Judgment"** (Doc. No. 25) filed by Third-Party Defendant, Boh Bros. Construction Company, L.L.C. Third-Party Plaintiff, PNC Bank, N.A., filed a memorandum in opposition. The motion, set for hearing on Wednesday, February 27, 2008, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

### I. Background

On or about June 17, 2005, Boh Bros. issued check number 229248, payable to United Rentals, Dallas, Texas, in the amount of $17,067.52. The check was issued through Boh Bros.' CapitalOne

account.[1]  On information and belief, the original check was stolen after being deposited in the mail by Boh Bros and it was altered to be made payable to a third-party (Tacson Incorporated), in the amount of $117,037.53.  (*See* Doc. No. 25-5, Boh Affidavit and Exhibit 2 thereto).  Boh Bros. has no connection with Tascon, has never heard of Tascon, and has never issued a check to Tascon. (*See* Boh Affidavit).

PNC Bank, N.A. accepted the altered check for purposes of collection.[2]  Thereafter, CapitalOne accepted the check and caused the amount of $117,037.53, to be paid from the Boh Bros. account to the Tuscon, Inc. account with PNC.

On or about July 13, 2005, Boh Bros. notified CapitalOne that the check had been altered.  On that same day, Boh Bros. executed an Affidavit of Forgery with CapitalOne, and CapitalOne then reimbursed Boh Bros. $117,037.53.  (*See* Doc. No. 25-5, Boh Affidavit).

In August 2006, CapitalOne filed a Petition against PNC (in the Civil District Court for the Parish of Orleans, State of Louisiana), seeking the return of the $117,037.53, plus costs and

---

[1]    In June 2005, CapitolOne was doing business as Hibernia National Bank.  In its motion, Boh Bros. refers to CapitolOne as the payor bank

[2]    In its motion, Boh Bros. refers to PNC as the collecting bank.

attorney's fees.[3]  PNC then removed the matter to this court, filed an Answer and named Boh Bros. and Tuscon as Third-Party Defendants.

In its third-party demand against Boh Bros., PNC claims that "Boh Brothers failed to act in a commercially reasonable manner in connection with the issuance of the check and Boh Brothers' negligence substantially contributed to the forgery or alteration." (*See* Doc. No. 7, PNC's Answer and Third Party Demand," p. 3).  PNC also claims that "Boh Brothers failed to exercise diligence and reasonable care and promptness in examining and discovering and reporting and giving notice to CapitalOne and/or PNC Bank regarding the alleged alteration or forgery on the check."  (*Id*. at p. 4). Boh Bros. now seeks summary judgment dismissal of PNC's third-party claims asserted against Boh Bros.

## II.  Legal Analysis

As a general rule, a bank is liable when its pays upon a forged signature.  *Marx v. Whitney National Bank*, 713 So.2d 1142, 1145 (La. 1998).  However, "under certain circumstances a bank's customer may be *precluded* from asserting rights against the bank in connection with a forged check."  *Id*.

LSA-R.S. 10:3-406 precludes a bank's customer from asserting a claim when the customer's conduct *before* a forgery substantially

---

[3]  CapitalOne has not asserted any claims against Boh Bros.

3

contributes to the making of the forgery. *Id.*

LSA-R.S. 10:3-406 provides:

**Negligence contributing to forged signature or alteration of instrument**

(a) A person whose failure to exercise ordinary care substantially contributes to an alteration of an instrument or the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection.

(b) Under Subsection (a), if the person asserting the preclusion fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss, the loss is allocated between the person precluded and the person asserting the preclusion according to the extent to which the failure of each to exercise ordinary care contributed to the loss.

(c) Under Subsection (a), the burden of proving failure to exercise ordinary care is on the person asserting the preclusion. Under Subsection (b), the burden of proving failure to exercise ordinary care is on the person precluded.

(LSA-R.S. 10:3-406).

LSA-R.S. 10:4-406 precludes a bank's customer from asserting a claim when the customer's conduct *after* a forgery substantially contributes to the making of the forgery. (*Id.*).

LSA-R.S. 10:4-406 provides in pertinent part:

**Customer's duty to discover and report unauthorized signature or alteration**

(a) A bank that sends or makes available to a customer s statement of account showing payment of items for

4

>      the account shall either return or make available to the customer the items paid or provide information in the statement of account sufficient to allow the customer reasonable to identify the items paid. The statement of account provides sufficient information if the item is described by item number, amount, and date of payment.
>
>      . . .
>
> (c)  If a bank sends or makes available a statement of account or items pursuant to Subsection (a), the customer must exercise reasonable promptness in examining the statement or the items to determine whether any payment was not authorized because of an alteration of an item or because a purported signature by or behalf of the customer was not authorized. If, based on the statement or items provided, the customer should reasonable have discovered the unauthorized payment, the customer must promptly notify the bank of the relevant facts.
>
> (d)  If the bank proves that the customer failed, with respect to an item, to comply with the duties imposed on the customer by Subsection (c), the customer is precluded from asserting against the bank:
>
>> (1)  the customer's unauthorized signature or any alteration on the item, if the bank also proves that it suffered a loss by reason of the failure; and
>>
>> (2)  the customer's unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank if the payment was made before the bank received notice from the customer of the unauthorized signature or alteration and after the customer had been afforded a reasonable period of time, not exceeding thirty days, in which to examine the item or statement of account and notify the bank.

(LSA-R.S. 10:4-406).

The burden of proving that the customer's handling of the account precludes recovery (before or after the forgery) is on the bank. *Marx*, 713 So. 2d at 1145-46.

Here, as set forth in Stephen Boh's Affidavit, Boh Bros. issued the the check no. 229248 to United Rentals on or about June 17, 2005. (*See* Boh Affidavit, Doc. No. 25-5). "Upon information and belief, the original Check made payable to United Rentals was stolen after being deposited in the mail by Boh Bros." (*Id.*, p.2, ¶2) On or about July 13, 2005 (less than 30 days after the check 1ad been issued), Boh Bros. notified CapitalOne that the check had been altered. (*Id.*, p. 2, ¶3).

While the question of whether or not a party exercised ordinary care is ordinarily not the type of question which can be resolved on a motion for summary judgment, the court finds that in this instance, PNC has failed to controvert the Affidavit of Stephen Boh and has, otherwise, failed to create a genuine issue of material fact to preclude summary judgment in Boh Bros.' favor.

The court also rejects PNC's Rule 56(f) discovery request (contained in PNC's opposition memorandum). PNC argues that:

> PNC has not had sufficient time to conduct discovery of [Boh Bros.]. In addition to examining [Boh Bros.'] check handling procedures in general, discovery is necessary to confirm the features, if any, applicable to

6

> [Boh Bros.'] CapitalOne account for purposes of preventing and detecting fraud or alteration, preventive action taken upon learning of forgery or alteration, hiring practices, and procedure for making out and handling checks.

(*See* Doc. No. 28, PNC's Opp. at p. 2).

However, PNC has not submitted a Rule 56(f) affidavit explaining why PNC cannot present by affidavit facts essential to justify its opposition. Further, PNC has failed to describe the particular discovery PNC intends to take and has failed to explain how such discovery would preclude the entry of summary judgment. Finally, the discovery cut-off date in this matter is March 31, 2008, and PNC has failed to justify why any such discovery that PNC now need had not been or could not have been obtained earlier. Boh Bros. represents that "PNC has not propounded any discovery requests to Boh Bros., nor has it requested the deposition of Boh Bros." (*See* 29-3, Boh Bros.' Reply, p. 3).[4]

Accordingly;

**IT IS ORDERED** that the **"Motion for Summary Judgment"** (Doc. No. 25) filed by Third-Party Defendant, Boh Bros. Construction Company, L.L.C., be and is hereby **GRANTED**, dismissing the claims of Third-Party Plaintiff, PNC Bank, N.A., asserted against Boh Bros.

---

[4] Boh Bros. further represents that "PNC requested information regarding Boh Bros.' bank records from CapitolOne, and CapitolOne produced responsive documents on November 28, 2007." (*See* Doc. No. 29-3, Boh Bros.'s reply at p. 3).

7

New Orleans, Louisiana, this **3rd** day of **March**, **2008**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE